```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
GUY ZAPPULLA, PRO SE,
                              :
              Plaintiff,      :    MEMORANDUM & ORDER
                              :
         -against-            :    07 Civ. 7709 (LBS)(MHD)
                              :
COMMISSIONER MARTIN HORN,
et al.,                       :
                              :
              Defendants      :
------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

Defendants have moved for a protective order excusing them from producing to plaintiff (1) a set of six internal memoranda of the New York City Department of Correction relating to security threats possibly posed by plaintiff Guy Zappulla and (2) building permits and certificates of occupancy for an exercise cage at the prison facility where plaintiff has been housed. The motion is granted.

Plaintiff, a currently incarcerated inmate awaiting re-trial on a murder charge in state court, has sued officials at the City's Department of Correction ("the Department"). He complains principally that his due-process rights were violated when he was designated as a centrally monitored case in May 2006 and then placed in close custody housing in January 2007, assertedly as a result of certain security threats that he was deemed to pose to

1

the institution.[1] In addition, he complains that he has been denied access to the courts as a result of his current status in the prison,[2] and that he has been denied his due-process rights by virtue of the conditions in which he is allowed limited daily exercise.

In seeking documents, plaintiff asked for what he described as his "security related file." The Department does not maintain such a file but its Intelligence Unit has a file concerning plaintiff's alleged involvement in threats to the prison staff. The contents of that file include forms relating to his placement in close custody housing and those documents have been produced to plaintiff. In addition, however, the file contains six intra-department memoranda dating from January and February 2007 and from August 2007, reflecting the course and substance of investigations by the Department concerning possible threats by plaintiff to the security

---

[1] Plaintiff was convicted of murder in 1999, but that conviction was vacated by the Second Circuit in 2004 in response to his petition for a writ of habeas corpus, leading to his current status as a pretrial detainee. See Zappulla v. New York, 391 F.3d 462, 465, 474-75 (2d Cir. 2004). While in custody awaiting his first trial, he escaped and later pled to a charge of Escape in the Second Degree, resulting in a prison sentence of two to four years. Id. at 465; Decl. of Ass't Corp. Counsel Morgan D. Kunz, executed May 23, 2008, Ex. I at pp. 3-4; Aff. of Frank Squillante, sworn to May 23, 2008, at ¶ 25.

[2] The particulars of this claim involve inadequate access to the prison law library, unfair restrictions in connection with his transportation to court, and the alleged seizure on two occasions of legal documents from his cell.

of the prison. Defendants seek by their current motion an order authorizing them to withhold these six documents from plaintiff based on their invocation of the law-enforcement and informant privileges and on the ground of irrelevance.

Plaintiff has also requested production by the Department of the building permit and certificate of occupancy relating to an exercise cage in which he is said to have been permitted, under his current regime, to engage in daily exercise. Defendants argue that these documents are irrelevant to the issues in the case.

A. The Internal Memoranda

Defendants invoke the law-enforcement and informant privileges and an argument about relevance to withhold the internal memoranda. We conclude that the law-enforcement privilege is adequate to justify the protective order sought by defendants.

The rationale for the law-enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness[es] and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re Dep't of Investigation of City of

N.Y., 856 F.2d 481, 484 (2d Cir. 1988); see also Kitevski v. City of New York, 2006 WL 680527, at *2-3 (S.D.N.Y. Mar. 16, 2006). The law-enforcement privilege, like other related privileges, offers only conditional protection and may be set aside upon an adequate showing of need. See, e.g., Kunstler v. City of New York, 2005 WL 2656117, at *1 (S.D.N.Y. Oct. 18, 2005); Fountain v. City of New York, 2004 WL 941242, at *4 (S.D.N.Y. May 3, 2004) (stating that unlike the state secrets privilege, the "official information privilege . . . is not absolute") (citing Kelly v. City of San Jose, 114 F.R.D. 653, 668 (N.D. Cal. 1987)). In weighing the discovering party's claimed need for the documents, the court necessarily must engage in a balancing of "the interests favoring and disfavoring disclosure." King v. Conde, 121 F.R.D. 180, 190-91 (E.D.N.Y. 1988). As commonly summarized by the courts:

> The factors disfavoring disclosure are the threat to the safety of police officers, the invasion of the privacy of police officers, the weakening of law enforcement programs or procedures, the chilling of police investigative candor, the chilling of citizen complaint candor, and state privacy law. The factors favoring disclosure are the relevance of the material to the plaintiff's case, the importance of the material to the plaintiff's case, the strength of the plaintiff's case, and the importance to the public interest in releasing the information.

National Congress for Puerto Rican Rights ex rel. Perez v. City of New York, 194 F.R.D. 88, 95-96 (S.D.N.Y. 2000).

In this case we have reviewed the six memoranda *in camera* and have considered a publicly filed affidavit by Frank Squillante, the Assistant Chief of Division Two of the Department and previously the Assistant Chief of the Department's Special Operations Division. We have also reviewed two *in camera* affidavits, one from Chief Squillante and the other from a New York Police Sergeant. Based on the contents of the six memoranda and Chief Squillante's explanation of the potential consequences of releasing these memoranda to the *pro se* plaintiff, we are satisfied that defendants have amply met their burden of proof. The memoranda describe the steps taken to investigate security threats, including the particular threats allegedly posed by plaintiff. They also reveal the techniques used to ferret out information and to provide protection to Department personnel, as well as the identities of individuals supplying information to the Department about the matters under investigation. As Chief Squillante properly notes, "By reviewing these six memos a person bent on causing injury to the civilians, staff, and inmates who live and work at DOC facilities, would learn how DOC discovers threats, how DOC investigates threats, how DOC works to thwart threats once they have been identified, and what techniques DOC uses to protect staff members who have been threatened." (Squillante May 23, 2008 Aff. at ¶ 19).

These findings suffice to establish a basis for invocation of the privilege. In pursuing a balancing test, we note that plaintiff does not even attempt to make a showing of need for the documents in question. This alone is fatal to his position. Moreover, even giving him due allowance for his status as a pro se litigant, we nonetheless conclude that the record fully justifies the relief sought by defendants.

Plaintiff's confinement since January 2007 in close custody housing is a form of administrative, not disciplinary, confinement. See Taylor v. Rodriguez, 238 F.3d 188, 192 (2d Cir. 2001) (applying due process requirements for administrative segregation to transfer to close custody); Taylor v. Santana, 2007 WL 737485, at *4 (S.D.N.Y. Mar. 6, 2007) (finding plaintiff's transfer to Central Punitive Segregation Unit to be an administrative restraint on liberty, "meaning that it is employed to achieve a legitimate government interest, such as protecting the safety of the individual or the general prison population[.]"). Hence, plaintiff is entitled only to "receive some notice of the charges against him and an opportunity to present his views." Benjamin v. Fraser, 264 F.3d 175, 190 (2d Cir. 2001); accord Taylor, 2007 WL 737485, at *5-6. It follows that in this lawsuit his claim regarding the decision to confine him and to keep him in that status turns on whether defendants complied with these fairly minimal procedural

6

requirements.

Necessarily, then, the six memoranda are of marginal, if any, relevance, and plaintiff plainly cannot demonstrate a meaningful need for them. The January and February 2007 memoranda disclose the reason and basis for the confinement, but that issue is not implicated by plaintiff's due-process claim, which addresses only procedural requirements, and in any case plaintiff concedes that he was informed of the reason. The August 2007 memos do not even address that topic, and simply conclude that another claimed threat from plaintiff was groundless.

Moreover, even if plaintiff could elaborate a theory under which his current claim might trigger justifiable discovery as to the basis for the confinement, presumably he could obtain such discovery without access to these particularly detailed investigatory memoranda. As for the plaintiff's other claims, none implicate the factual basis for plaintiff's confinement in close custody housing.

Finally, the public interest does not weigh in favor of disclosure. This case involves an alleged effort by plaintiff to threaten prison personnel, and there is no compelling reason why the public (or, on a more limited basis, the inmates in the

facility) should learn of the details of the security investigation pursued by prison authorities.

In sum, the six memoranda are protected from disclosure by the law-enforcement privilege.

B. The Building Documents

The building permits and certificates of occupancy sought by plaintiff are entirely irrelevant to any claim or defense in this case. In plaintiff's complaint he refers to the exercise cage in three paragraphs, alleging that it was filthy and that he felt unduly confined in it. (Compl. ¶¶ 33, 44, 87). The documents requested bear no relationship to any of these allegations, and plaintiff fails to explain any such relevance.

In seeking the documents plaintiff refers to an alleged injury that he suffered while in an exercise cage in July 2007. (Kunz Decl. Exs. D & E). However, plaintiff asserts no claim related to that injury in his pleading, and it is not at all clear that if he sought to add a claim of this sort -- presumably under state law -- such a motion to amend would or could be granted.[3]

---

[3] If plaintiff were to assert a state-law claim he would have to exhaust his remedies under N.Y. Gen. Mun. Law § 50-j. It is also not at all clear that such a claim would sufficiently relate

CONCLUSION

For the reasons noted, defendants' motion for a protective order is granted.

Dated: New York, New York
       June 30, 2008

```
                                    _____
                                    MICHAEL H. DOLINGER
                                    UNITED STATES MAGISTRATE JUDGE
```

Copies of the foregoing Memorandum and Order have been mailed today to:

Mr. Guy Zappulla
# 900-06-00345
Manhattan Detention Center
125 White Street
New York, New York 10013

Morgan D. Kunz, Esq.
Assistant Corporation Counsel
 for the City of New York
100 Church Street
New York, New York 10007

---

to his current claims to permit the assertion of supplemental jurisdiction under 28 U.S.C. § 1367.

9